UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,　　　　Case No. 20-20140

　　　　Plaintiff,　　　　　　　　　　　　Hon. F. Kay Behm
v.　　　　　　　　　　　　　　　　　　United States District Judge

CHAD PRATER,

　　　　Defendant.
_____ /

# OPINION AND ORDER ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE (ECF No. 54)

Before the court is Defendant Chad Prater's ("Prater") *pro se* motion for compassionate release and sentence modification 18 U.S.C. § 3582(c)(1)(A) and the First Step Act (ECF No. 54). On April 27, 2022, Prater pleaded guilty to conspiracy to possess with intent to distribute and to distribute 500 grams or more of methamphetamine. ECF No. 40. Based upon an offense level of 27 and a criminal history of VI, Prater's guidelines were 130 to 162 months. ECF NO. 50, PageID.251. On August 17, 2021, the court sentenced Prater to 150 months imprisonment. ECF No. 53, PageID.289. Prater began serving his federal sentence on August 17, 2021 and, with other jail credit, his projected release date is September 16, 2030. ECF No. 57-2,

1

PageID.344-45. Prater now brings this motion and argues that he should be released early because he needs to care for his father, who suffers from neuropathy, that the BOP's response to the COVID pandemic created harsh conditions of confinement justifying his early release, that he has taken steps toward rehabilitation post-sentencing, and that the sentencing factors in 18 U.S.C. § 3553(a) weigh in his favor. The government filed a response (ECF No. 57), and the court has thoroughly evaluated the briefings in this matter.

For the reasons explained in detail below, none of the asserted grounds for early release are sufficient to grant relief and the court **DENIES** Prater's motion in full. However, the portions of his motion that address the incapacitation of a family member and his rehabilitative steps are **DENIED WITHOUT PREJUDICE** because the court lacks complete information as to the former, and as to the latter, does not wish to foreclose Prater's ability to include information about his rehabilitation if he chooses to refile his motion with new facts.

I.  STANDARD OF REVIEW

A sentence constitutes a final judgment, and a district court generally lacks the authority to modify it once imposed. 18 U.S.C. §

2

3582(b)-(c). Yet § 3582(c)(1)(A) provides an exception to this "rule of finality" prohibiting sentence modification "except in limited circumstances," known broadly as "compassionate release." *United States v. Lee*, No. 18-20198, 2024 U.S. Dist. LEXIS 63912, 2024 WL 1508826 (E.D. Mich. Apr. 5, 2024) (citing *United States v. Hunter*, 12 F.4th 555, 561, 569 (6th Cir. 2021)).

After a defendant has satisfied the administrative exhaustion requirement of the First Step Act, *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020), he may bring a motion before the district court and the court may review the "three substantive requirements" for granting compassionate release. *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020). The government does not dispute that Prater has satisfied this administrative exhaustion requirement. ECF No. 57, PageID.329.

In order to grant a compassionate release motion under the statute, first the court must find an "extraordinary and compelling reason" that warrants a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i)); *see United States v. Jones*, 980 F.3d 1098, 1107-08 (6th Cir. 2020). The court must also find that a sentence reduction "is

3

consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). But absent "an applicable policy statement for inmate-filed compassionate-release motions, district courts have [the] discretion to define 'extraordinary and compelling' on their own initiative." *United States v. Elias*, 984 F.3d 516, 519-20 (6th Cir. 2021). Finally, the Court must consider the sentencing factors in 18 U.S.C. § 3553(a) to determine whether the reduction authorized by the statute is "warranted in whole or in part under the particular circumstances of the case." *Dillon v. United States*, 560 U.S. 817, 827 (2010).

## II.   ANALYSIS

### A.   Incapacitation of Family Member

The court first considers Prater's argument regarding his father, because intervening changes in the applicable law changed the strength of his argument. Prater filed this motion in July 2023. In November 2023, and after the Government filed its response to his motion (ECF No. 57), the Sentencing Commission's proposed amendment to USSG § 1B1.13 came into effect. The ratified amendment "expands the list of specified extraordinary and compelling reasons that can warrant

4

sentence reductions[.]" *United States v. McHenry*, No. 1:93 CR 84, 2024 U.S. Dist. LEXIS 57094, 2024 WL 1363448, at *4 (N.D. Ohio Mar. 29, 2024).  Most relevantly here, under the revised guidelines a defendant may be able to show an extraordinary and compelling reason for a sentence reduction upon producing evidence that the defendant's parent is incapacitated, and the defendant would be the only available caregiver for the parent.  USSG § 1B1.13(b)(3)(C) (Nov. 2023); *see, e.g.*, *United States v. Allison*, No. 2:21-CR-20436, 2024 U.S. Dist. LEXIS 106477, at *10 (E.D. Mich. June 14, 2024) (granting compassionate release to care for ailing parent, though where only five months remaining on 45-month sentence).  Here, Defendant appeared to make the argument that he would be the only person available to care for his father.

    In recognition of the intervening guideline change, but cognizant that the factual circumstances may have changed since the motion was originally filed, and seeking further information regarding the Defendant's situation, the court ordered that Defendant file a supplemental report on whether his father still required care by a family member, and if so, whether any of Defendant's other family

5

members would be able to provide any assistance in his stead. ECF No. 58. The court warned Prater that, if no supplemental report was received by the court, it would dismiss his motion without prejudice (i.e. that he may refile it at a later date). *Id.* Unfortunately, that order was returned undeliverable, and it does not appear that Prater ever received it. Still, the court will proceed in accordance with its order at ECF No. 58 because Prater will be able to refile his motion as to that ground and provide supplemental information at a later date if he wishes. Therefore, as to that ground, the court lacks sufficient current information about Prater's family situation to grant early release and **DENIES** his motion **WITHOUT PREJUDICE.** Prater may refile his motion on that ground with supporting information if so desired.

### B. Remaining Grounds: Pandemic Conditions, Rehabilitative Steps, and the Sentencing Factors

With that alleged ground for an extraordinary and compelling reason for early release thus considered and disposed of, the court turns to Prater's remaining arguments: that the BOP's response to the COVID pandemic created harsh conditions of confinement justifying his release, that he has taken steps toward rehabilitation post-sentencing

6

sufficient to justify his early release, and that the sentencing factors in 18 U.S.C. § 3553(a) weigh in his favor. The court proceeds first with the question of whether the COVID pandemic or his rehabilitative steps provide "extraordinary and compelling" reasons to warrant a sentence reduction, and then, if such reasons exist, will consider the factors set forth in section 3555(a) to the extent that they are applicable. *See United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020) (setting out the steps a court should take in evaluating a motion brought under § 3582).

*Pandemic conditions.* Prater argues that the "strict lockdowns" and limited visitation caused by pandemic conditions during COVID precautions caused his imprisonment to be "far more punishing than intended." ECF No. 54, PageID.302 (quoting citation omitted). This ground for compassionate release was foreclosed by the Sixth Circuit: "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Traylor*, 16 F.4th 485, 487 (6th Cir. 2021) (citing *United States v. Lemons*, 15 F.4th 747, No. 21-5313, 2021 U.S.

7

App. LEXIS 30267, 2021 WL 4699249 (6th Cir. Oct. 8, 2021), *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)). The COVID-19 vaccine was available to all inmates in the Federal Bureau of Prisons. *See* COVID-19 Coronavirus, Federal Bureau of Prisons, https://perma.cc/U3FJ-WV46. Prater does not indicate that he was refused the vaccine by the BOP or that he has any particularized harm from prison conditions at that time, and thus this asserted ground does not provide an extraordinary and compelling reason for sentence reduction.

*Rehabilitative steps.* Prater emphasizes that he has been a model inmate in prison, with no incident reports or infractions, as well as some work history. The government does not dispute his record of good behavior, and the court commends him for these steps. However, because the sole remaining ground on this motion for finding extraordinary and compelling reasons for compassionate release is his steps toward rehabilitation, his motion must fail: "Congress was emphatically clear that '[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.'" *United States v. Hunter*, 12 F.4th 555, 572 (6th Cir. 2021) (citing 28 U.S.C. § 994(t)).

8

Therefore, the court cannot find on this record that any "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A),

*Sentencing factors in 18 U.S.C. § 3553(a).* Because the court does not find any "extraordinary and compelling reasons" to warrant a sentence reduction in this case, the court need not consider whether the sentencing factors set forth in section 3553(a) would also support his release. The court notes, however, that if Prater were to refile this motion and the court found an extraordinary and compelling reason justifying a sentence reduction, one issue that Prater would have to overcome is the length of his remaining sentence. One of the factors the court must consider is the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense[.]" 18 U.S.C. § 3553(a)(2)(A). The Sixth Circuit has repeatedly upheld the denial of compassionate release under § 3553(a) when a defendant has a long remaining sentence. *See Ruffin*, 978 F.3d at 1008. Prater was sentenced in 2021 to 150 months imprisonment, ECF No. 53, PageID.289, and his projected release date is not until September 2030. ECF No. 57-2, PageID.344.

## III. CONCLUSION

Therefore, the court **DENIES** Prater's motion for modification of his sentence under 18 U.S.C. § 3582(c)(1)(A). The portions of his motion that relate to a family member's incapacitation and his rehabilitation are denied **WITHOUT PREJUDICE**.

**SO ORDERED**.

Date: May 8, 2025                      s/ F. Kay Behm
                                                     F. Kay Behm
                                                     United States District Judge